S.D.N.Y.
05-cr-1115
Pauley, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand ten,

Present:

   Amalya L. Kearse,
   Robert D. Sack,
   Peter W. Hall,
      *Circuit Judges.*



United States of America,

   *Appellee-Cross-Appellant*,

v.                07-5222-cr(L),
                  07-5670-cr(Con)

Ulysses Thomas Ware, also known as Thomas Ware,

   *Defendant-Appellant-Cross-Appellee.*

By order dated October 8, 2010, we instructed Appellant Ulysses Thomas Ware to show cause why he should not be required to obtain permission of the Court before making future filings in this Court, in light of his past frivolous motions. Ware's only response was to demand that this Court identify with particularity the frivolous motions he has filed. Our procedure requires that we give a litigant an opportunity to show cause why a leave-to-file requirement should not be imposed, *see In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993), and, if the litigant fails to show why sanctions are not appropriate, we will issue a sanctions order, *see Board of Managers for 2900 Ocean Ave. Condo. v. Bronkovi*, 83 F.3d 44, 45 (2d Cir. 1996) (per curiam).

A filing is frivolous if it lacks an arguable basis in law or fact — *i.e.*, if it is "based on an indisputably meritless legal theory" or presents "factual contentions [that] are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 325, 327 (1989). As a former attorney, Ware knew or should have known that many of the motions he filed in this case were frivolous. *See, e.g.,* Mot. filed 3/24/2008 (to compel the Bureau of Prisons to, *inter alia,* provide a typing ribbon for a Swintec 7000 typewriter); Mot. filed 4/10/2008 (to dismiss the indictment and appoint a special prosecutor to investigate a district judge, the United States Attorney, and his own former counsel); Mot. filed 5/26/2009 ("for an Order of Referral to the Securities and Exchange Commission's Enforcement Division and Referral to the Department of Justice's Criminal Division of the Individuals, Proxies, Surrogates, and Alter-Egos of the Badian Gang"); Mot. filed 6/2/2009 (essentially the same); Let. filed 6/10/2009 (informing the Chief Judge of supposed judicial misconduct by certain district judges in failing to prevent his "illegal arrest"); Mot. filed 8/10/2009 (to hold Assistant United States Attorneys in criminal contempt); Mot. filed 9/7/2010 (to compel the United States to certify that a former SEC lawyer did not bribe a district judge to enter a certain order). Ware has continued to filed frivolous motions in a more recent criminal appeal. *See, e.g.,* Mot. filed 5/20/2009 in No. 09-0851-cr (to compel a magistrate judge, via writ of mandamus, to issue arrest warrants for a number of judges, Assistant United States Attorneys, and other lawyers); Mot. filed 8/10/2009 in No. 09-0851-cr (to refer the members of this panel to the Department of Justice for misprision of felony).

Afforded an opportunity to explain his filings, Ware has elected not to do so. Because Appellant has failed to show cause why a leave-to-file sanction should not be imposed, it is hereby ORDERED that the Clerk of the Court refuse to accept for filing any further submissions from Appellant unless he first obtains leave of the Court to file such papers.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



2